IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MARTHA A. BURKS,

     Plaintiff

   VS.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

     Defendant

NO.  1:08-CV-173 (WLS)

PROCEEDING UNDER 42 U.S.C. § 405(g)
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION ON MOTION TO DISMISS

Pending in this appeal under 42 U.S.C § 405(g) is a motion to dismiss filed by the defendant at Tab #9.  Defendant asserts that the appeal to this court was untimely filed.   Plaintiff MARTHA A. BURKS brought this action pursuant to 42 U.S.C. § 405 (g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, and 1383(c)(3).

On May 30, 2008, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's ("ALJ") decision denying her claim for disability insurance benefits and supplemental security income (Declaration of Earnest Baskerville ¶ 3(a)). This action by the Appeals Council rendered the ALJ's decision the final decision of the Commissioner giving rise to judicial review within sixty days of receipt.

Plaintiff had sixty days from receipt of the Appeals Council's notice to request judicial review, which is presumed to be five days after the date of the Appeals Council's denial of review. See 42 U.S.C. § 405 (g); see also 20 C.F.R. §§ 404.981, 461.1481, 422.210(c). To be considered timely, Plaintiff must have commenced her civil action on or before August 3, 2008 or within such additional time allowed by the Commissioner through the Appeals Council.

Following the denial of review, Plaintiff forwarded to the Appeals Council a request to reopen and change the decision of the ALJ and a request for an extension of time to file a civil action (Declaration of Earnest Baskerville, ¶3(b)). On October 22, 2008, the Appeals Council sent to Plaintiff and her attorney notice that it found no reason to reopen and change the decision of the ALJ (Declaration of Earnest Baskerville, ¶3(b)). The Appeals Council additionally notified Plaintiff and her attorney that it was extending the time for her to file a civil action by thirty days from the date she received the notice and that the notice was assumed to be received five days after the date on it unless a reasonable showing was made otherwise (Declaration of Earnest Baskerville, ¶3(b)). Based on this extension of time, Plaintiff had until November 26, 2008 to commence a timely civil action in district court. However, Plaintiff commenced the present civil action on December 22, 2008 (Declaration of Earnest Baskerville, ¶3(c).

Sections 405 (g) and (h) of the Social Security Act, 42 U.S.C. § 405 (g) and (h) authorize judicial review in cases arising under Title II of the Social Security Act.  Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) provides:

> No finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Where a right, such as the right to sue, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive.  *United States v. Babcock*, 250 U.S. 328, 331 (1919).

It does not appear on the face of this record, nor does plaintiff allege[1], that she requested or received an additional extension of time from the Appeals Council in which to file a civil action.

Inasmuch as it appears that the plaintiff did not timely file the instant action, it is the RECOMMENDATION of the undersigned that the Commissioner's motion to dismiss be **GRANTED** and that this action be DISMISSED without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

SO RECOMMENDED, this 30th day of NOVEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Plaintiff, who is represented by counsel, has not filed a response to the motion to dismiss.